| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JOSHUA DAVIS BLAND, | Case No. 1:18-cv-01358-JDP |
| Plaintiff, | SCREENING ORDER |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM |
| JERRY BROWN, *et al.*, | |
| Defendants. | ECF No. 1 |
| | OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed October 2, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that the he has been "[u]nlawfully incarcerated for the past 20 years" because he is "one of the private American people [and] thus not [subject] to their state's statutes, codes, regulations, etc." ECF No. 1 at 5, 7. Plaintiff's complaint is frivolous. Therefore, we recommend that plaintiff's claims be dismissed with prejudice.

## I. SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. THE COMPLAINT

Plaintiff is a California state prisoner. ECF No. 1 at 1. He names four defendants: Jerry Brown, the former governor of California; Xavier Becerra, the attorney general of California; the County of Fresno Superior Court; and the County of San Diego Superior Court. *Id.* at 2. Plaintiff alleges that he is "one of the private American people [and] thus not [subject] to their state's statutes, codes, regulations, etc." *Id.* at 7. Plaintiff argues, in essence, that because he is a

"private citizen," he is not subject to the control of the government or its laws. *See id.* 8-11.  He seeks damages, declaratory relief, and to be released from prison.  *Id.* at 7.

**III.    DISCUSSION**

Plaintiff's complaint fails to state a claim because his allegations are implausible.  *See Iqbal*, 556 U.S. 678-79.  Amendment to his complaint would be futile because plaintiff's theory—that the laws do not apply to him—is frivolous.  See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").  Furthermore, to the extent that plaintiff seeks to challenge his state conviction and obtain release from prison, that action would have to be brought through a timely habeas petition.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**IV.    ORDER**

The clerk of court is directed to assign this case to a district judge, who will preside over this case.  The undersigned will remain as the magistrate judge assigned to the case.

**IV.    RECOMMENDATION**

We recommend that plaintiff's complaint, ECF No. 1, be dismissed with prejudice for failure to state a claim for relief.  The undersigned submits the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: April 18, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 203